**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 97-1532**

_____

SUE ELLEN SELLARS HAMMONDS, a resident of New
Hanover County,

                                        Plaintiff - Appellant,

        versus

JOSEPH MCQUEEN, Sheriff of New Hanover County
Sheriff's Department,

                                        Defendant - Appellee.

_____

Appeal from the United States District Court for the Eastern Dis-
trict of North Carolina, at Wilmington.  James C. Fox, Chief Dis-
trict Judge.  (CA-96-226-7-F)

_____

Submitted:  November 6, 1997      Decided:  November 19, 1997

_____

Before WIDENER and LUTTIG, Circuit Judges, and BUTZNER, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Sue Ellen Sellars Hammonds, Appellant Pro Se.  Robert Harrison
Sasser, III, Coleman M. Cowan, WOMBLE, CARLYLE, SANDRIDGE & RICE,
Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Appellant appeals the district court's order dismissing her 42 U.S.C. § 1983 (1994) complaint pursuant to Fed. R. Civ. P. 12(b)(6). Appellant alleged that Sheriff Joseph McQueen violated her civil rights while she was visiting the Sheriff's Department. We have reviewed the record and the district court's opinion and find no reversible error. Hammonds v. McQueen, No. CA-96-226-7-F (E.D.N.C. Mar. 18, 1997). Although McQueen was named as a defendant, Appellant did not allege that McQueen was personally involved in the claimed assault or that he had knowledge of conduct that posed a pervasive and unreasonable risk of constitutional injury. Therefore, Appellant has not demonstrated that McQueen was deliberately indifferent to or tacitly authorized the alleged offensive practices. See Shaw v. Stroud, 13 F.3d 791, 798-99 (4th Cir. 1994). Appellant has also failed to allege proof of a custom or policy favoring the commission of the alleged constitutional violations necessary to maintain an action against McQueen in his official capacity. See Monell v. Department of Social Servs., 436 U.S. 658, 690-91 (1978). Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2